UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HUDSON NEUROSURGERY, PLLC, *et al.*,

                Plaintiffs,

v.

UMR, INC.

                Defendant.

No. 20-CV-9642 (KMK)

<u>OPINION & ORDER</u>

---

<u>Appearances:</u>

Richard A. Hochhauser, Esq.
Nassau County District Attorney's Office
Mineola, NY
*Counsel for Plaintiffs*

Michael H. Bernstein, Esq.
Matthew P. Mazzola, Esq.
Robinson & Cole LLP
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

      Hudson Neurosurgery, PLLC ("Hudson") and Yvonne Dixon ("Dixon" and collectively, "Plaintiffs") bring this action under New York state law against UMR, Inc. ("UMR" or "Defendant"), claiming breach of contract, negligence, and unjust enrichment based on allegations that Defendant failed to administer payment for an emergency medical procedure performed by Hudson on Dixon.  (*See generally* Second Am. Compl. ("SAC") (Dkt. No. 19).) Before the Court is Defendant's Motion To Dismiss the Second Amended Complaint (the "Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See* Not. of Mot. (Dkt. No. 28).)  For the following reasons, Defendant's Motion is granted.

## I. Background

### A. Factual Background

Unless otherwise stated, the following facts are taken from the Plaintiff's Second Amended Complaint ("SAC") and are assumed true for the purposes of resolving the instant Motion.[1]

Hudson is a medical practice specializing in neurosurgery. (SAC ¶ 5.) Its sole member is Dr. Haroon Choudhri ("Dr. Choudhri"). (*Id.*) UMR is a company which administers health insurance benefits and processes claims for insurance reimbursements. (*Id.* ¶ 7.)

On August 2, 2018, Dixon, a 58-year-old female, was experiencing severe back pain. (Pls.' Mem. of Law in Opp'n to Def.'s Mot. To Dismiss ("Pls.' Opp'n") at 3 (Dkt. No. 31); *see also* SAC ¶ 8.) Dixon presented to the St. John's Hospital emergency room, where Dr. Choudhri who was the surgeon on call, determined that Dixon required immediate medical attention. (Pls.' Opp'n at 3.) Shortly thereafter, Dr. Choudhri performed successful emergency back surgery on Dixon. (*Id.*; *see also* SAC ¶ 11.)

Hudson later submitted a claim for payment ("the Claim") to UMR on Dixon's and its own behalf in the total amount of $709,341.00. (SAC ¶¶ 12–13.) On September 6, 2018, Preferred Medical Claim Solutions ('PMCS'), while acting as an agent of UMR, offered to pay Hudson $223,072.70 in full satisfaction of the Claim. (*Id.* ¶ 15.) On September 11, 2018, UMR paid Hudson only $40,484.55 for the services rendered (the "Services"). (*Id.* ¶ 17.) Hudson

---

[1] "[A]n amended complaint . . . supersedes the original and renders it of no legal effect," *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)).

filed several appeals to UMR.  (*Id.* ¶ 18.)  However, to date, UMR has not paid the remaining balance of the Claim.  (*Id.* ¶ 19.)

The Complaint alleges four Causes of Action: (1) negligence as to Dixon, (SAC ¶¶ 20–24), (2) negligence as to Hudson, (*id.* ¶¶ 25–28), (3) breach of contract as to Dixon, (*id.* ¶¶ 29–34), and (4) unjust enrichment, (*id.* ¶¶ 35 –39).  Plaintiffs seeks $668,856 in damages, plus interest, and attorney's fees and costs.  (*Id.* ¶¶ A–E.)

B.  Procedural History

On October 15, 2020, Hudson filed its Complaint in the Supreme Court of New York in the County of Westchester against UMR and United Healthcare Services, Inc.  (Not. of Removal Ex. A ("Compl.") (Dkt. No. 1-1).)  On November 17, 2020, Defendants moved to remove the lawsuit to federal court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  (*See* Not. of Removal (Dkt. No. 1).)  On January 22, 2021, after seeking leave of Court, (*see* Dkt. No. 11), Plaintiffs filed an Amended Complaint and accompanying papers, (*see* Dkt. Nos. 13–14.)  The Amended Complaint added Dixon as Plaintiff and listed UMR as the sole Defendant.  (Dkt. No. 13.)  After seeking leave of Court, (*see* Dkt. No. 18), Plaintiffs filed their Second Amended Complaint and accompanying papers on February 17, 2021.  (Dkt. Nos. 19–20.)

On May 7, 2021, Defendant filed its Motion To Dismiss Plaintiffs' Second Amended Complaint and accompanying papers.  (Dkt. Nos. 28–30.)  On May 28, 2021, Plaintiffs filed their Opposition.  (Dkt. No. 31.)  Defendant filed their Reply on June 16, 2021.  (Dkt. No. 34.)

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted).  Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous

departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).  Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."  *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (citation and quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

B. Analysis

1.  Negligence Claims

Under New York law, the elements of a negligence claim are: (1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; (3) that the plaintiff was injured, and (4) that the breach of the duty was the proximate cause of the plaintiff's injury.  *See, e.g.*, *Mitchell v. Icolari*, 969 N.Y.S.2d 503, 505 (2013); *see also 2002 Lawrence R. Buchalter Alaska Tr. v. Philadelphia Fin. Life Assur. Co.,* 96 F. Supp. 3d 182, 218 (S.D.N.Y. 2015) (same).

Plaintiffs allege that Defendant owed a duty to "exercise due care in administering claims for medical services provided to Dixon."  (SAC ¶ 21.)  Plaintiffs also allege that Defendant owed "a duty to the medical providers, including Hudson, who treat an applicable health plan's members to use due care in administering claims submitted in relation to a member's covered

services."  (*Id.* ¶ 26.)   Plaintiffs next allege that Defendant breached its duty to Dixon and

Hudson through its "its negligent, reckless, and/or willful failure to exercise due care in the

processing of insurance claims" submitted for the Services.  (*Id.* ¶¶ 22, 27.)

Defendant argues that it does not owe a duty to Dixon or Hudson that is independent

from its duties under the contract, and thus Plaintiff's negligence claims cannot lie.  (*See* Def.'s

Mem. of Law in Supp. of Mot. To Dismiss ("Def.'s Mem.") at 8–12 (Dkt. No. 30).)  Indeed,

"New York courts have held that a simple breach of contract is not to be considered a tort unless

a legal duty independent of the contract itself has been violated."  *Negrete v. Citibank, N.A.*, 187

F. Supp. 3d 454, 471 (S.D.N.Y. 2016) (quotation marks omitted), *aff'd*, 759 F. App'x 42 (2d Cir.

2019).  "This independent legal duty must spring from circumstances extraneous to the contract."

*Id.* (quotation marks omitted).

Plaintiffs counter that Defendant owed them an independent legal duty stemming from

New York Insurance Law §§ 3216(i)(9), 3221(k)(4), and 4303(a)(2).  (Pl.'s Opp'n at 5.)  These

provisions govern emergency care coverage under insurance contracts in New York.[2]  *See* N.Y.

Ins. Law § 3216(i)(9); N.Y. Ins. Law §  3221(k)(4); N.Y. Ins. Law §  4303(a)(2).  Defendant in

turn argues that these statutes do not impose a duty on third-party administrators.  (*See* Def.'s

Reply Mem. of Law Further in Supp. of Mot. To Dismiss ("Def.'s Reply") at 2–3 (Dkt. No. 34).)

Plaintiffs do not cite any case law—and this Court is not aware of any such precedent— in which

---

[2] Specifically, N.Y. Ins. Law § 3216(i)(9) provides: "Every policy that provides coverage for inpatient hospital care shall also include coverage for services to treat an emergency condition in hospital facilities."

N.Y. Ins. Law § 3221(k)(4)(A) provides: "Every group policy delivered or issued for delivery in this state that provides coverage for inpatient hospital care shall include coverage for services to treat an emergency condition provided in hospital facilities . . . ."

N.Y. Ins. Law § 4303(a)(2) provides:  "Every contract issued by a hospital service corporation or health service corporation which provides coverage for in-patient hospital care shall also provide coverage for services to treat an emergency condition in hospital facilities."

New York state courts or courts within the Second Circuit have applied the statutes cited to third-party administrators.  In any event, the Court need not opine on whether these statutory provisions impose a duty on third-party administrators, because, as Defendant correctly points out, (*see* Def.'s Reply at 2–3), Plaintiff does not identify these provisions in the SAC, (*see generally* SAC).  *See Cortese v. Skanska Koch, Inc.*, No. 20-CV-1632, 2021 WL 429971, at *18 n.4  (S.D.N.Y. Feb. 8, 2021) ("[The] [p]laintiffs' argument fails for the simple reason that it was not pleaded and a party cannot amend its complaint through a brief."); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (finding that a plaintiff may not amend its complaint through its opposition brief); *Schulz v. Medtronic, Inc*., No. 21-CV-414, 2022 WL 503960, at *2 (D. Conn. Feb. 18, 2022)  ("[I]t is axiomatic that [a] [c]omplaint cannot be amended by the briefs in opposition to a motion to dismiss.") (quoting *Weir v. City of New York*, No. 05-CV-9268, 2008 WL 3363129, at *9 (S.D.N.Y. Aug. 11, 2008)); *Red Fort Cap., Inc v. Guardhouse Prods. LLC*, 397 F. Supp. 3d 456, 476 (S.D.N.Y. 2019) (same); *Clean Coal Techs., Inc. v. Leidos, Inc*., 377 F. Supp. 3d 303, 321 (S.D.N.Y. 2019) (same).

### 2. Breach of Contract Claim

"To succeed on a claim for breach of contract under New York law, a plaintiff must demonstrate '(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" *Roelcke v. Zip Aviation, LLC*, — F. Supp. 3d —, 2021 WL 5491395, at *8 (S.D.N.Y. Nov. 23, 2021) (quoting *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co.*, 375 F.3d 168, 177 (2d Cir. 2004)); *see also Arch Specialty Ins. Co. v. TDL Restoration, Inc*., No. 18-CV-6712, 2021 WL 1225447, at *6 (S.D.N.Y. Mar. 31, 2021) (same).

Plaintiff alleges that UMR breached the terms of the "relevant health insurance plan" by failing to pay for the Services.  (SAC ¶¶ 30, 33.)  Defendant argues that under the County of Westchester Group Health Benefit Plan (the "Plan"), under which Defendant is the designated claim administrator, Dixon was obligated to appeal Defendant's denial of the Claim.  (Def.'s Mem. at 1, 13.)  Defendant states that Hudson submitted appeals on Dixon's behalf, which, according to Defendant, is not permitted under the Plan, because Dixon did not designate Hudson as her "Personal Representative."  (*Id.* at 13.)  In support of this contention, Defendant cites a document entitled "Summary Plan Description for the County of Westchester Group Health Plan" (the "Summary Plan Description").  (*See* Def.'s Mem. at 5, 13; *see also generally* Decl. of Kimberly Moeller, Esq. ("Moeller Decl.") Ex. A ("Summary Plan Description") (Dkt. No. 29-1).)  Thus, Defendant argues that Plaintiff's claim for breach of contract "should be dismissed on the ground that she failed to comply with a condition precedent to bringing the lawsuit."  (Def.'s Mem at 16.)

Plaintiff first responds that it is not clear that the document referenced by the Defendant constitutes the contract between Dixon and UMR because "[w]hile the Summary Plan Description may outline Ms. Dixon's rights as to the Plan Sponsor, it does not necessarily do so as to UMR, the plan administrator who is retained by the Plan Sponsor."  (Pls.' Mem. at 5.) Further, Plaintiff argues that even if the Plan does represent the contract between Dixon and UMR, and "even if Dixon failed to exercise a condition precedent to suit (which Dixon denies), such failure is de minimis and [D]efendant cannot show any prejudice."  (*Id.* at 7 (italics omitted).)

The Court need not reach the issue of whether Dixon failed to exercise a condition precedent, because Plaintiffs "fail[] to allege the specific provision of the [contract] that

[Defendant] allegedly breached—an essential requirement for a breach of contract claim."
*Orange Cty. Choppers, Inc. v. Olaes Enterprises, Inc.*, 497 F. Supp. 2d 541, 554 (S.D.N.Y.
2007).  In fact, Plaintiffs do not even identify the document which allegedly constitutes the
contract.  *See, e.g.*, *Manes v. JPMorgan Chase Bank, N.A., et al.,* No. 20-CV-11059, 2022 WL
671631, at *7 (S.D.N.Y. Mar. 7, 2022) ("[T]o state a claim for breach of contract, a complaint
must allege the specific provisions of the contract upon which the claim is based."); *Negrete*, 187
F. Supp. 3d at 468 ("[C]ourts in the Second Circuit . . . have held that plaintiffs must at least
allege which agreement was breached and the relevant breached provisions of that contract.");
*Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 131 (S.D.N.Y. 2015) ("New York law and
the *Twombly–Iqbal* standards of federal pleading require a complaint to identify, in non-
conclusory fashion, the specific terms of the contract that a defendant has breached.  Otherwise,
the complaint must be dismissed."); *Highlands Ins. Co. v. PRG Brokerage, Inc.*, No. 01-CV-
2272, 2004 WL 35439, at *8 (S.D.N.Y. Jan. 6, 2004) ("A breach of contract claim will be
dismissed, however, as being too vague and indefinite, where the plaintiff fails to allege, in
nonconclusory fashion, the essential terms of the parties' purported contract, including the
specific provisions of the contract upon which liability is predicated."); *Wolff v. Rare Medium,
Inc.*, 210 F. Supp. 2d 490, 494 (S.D.N.Y. 2002) ("When pleading . . . [a breach of contract
claim], a plaintiff must identify the specific provision of the contract that was breached as a
result of the acts at issue."), *aff'd*, 65 F. App'x. 736 (2d Cir. 2003).

Thus, Plaintiff's breach of contract claim is dismissed.

3. Unjust Enrichment Claim

"The basic elements of an unjust enrichment claim in New York require proof that (1)
defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate

against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc*., 373 F.3d 296, 306 (2d Cir. 2004); *see also Amable v. New Sch*., No. 20-CV-3811, 2021 WL 3173739, at *12 (S.D.N.Y. July 27, 2021) (same).  Unjust enrichment "lies as a quasi-contract claim" that "contemplates 'an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties.'"  *Georgia Malone & Co. v. Rieder*, 973 N.E.2d 743, 746 (N.Y. 2012) (citation omitted).  The claim is available "only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff."  *Corsello v. Verizon N.Y., Inc*., 967 N.E.2d 1177, 1186 (N.Y. 2012).  Notably, "[u]nder New York law, a plaintiff may not recover under quasi-contract claims such as unjust enrichment where an enforceable contract governs the same subject matter."  *Goldberg v. Pace Univ*., 535 F. Supp. 3d 180, 198 (S.D.N.Y. 2021); *see also Stanley v. Direct Energy Servs., LLC*, 466 F. Supp. 3d 415, 430–31 (S.D.N.Y. 2020) (gathering authorities for the proposition that "where the validity of a contract that governs the subject matter at issue is not in dispute, and the claimant alleges breach of the contract, the claimant cannot plead unjust enrichment in the alternative under New York law").  Moreover, "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim."  *Goldberg*, 535 F. Supp. 3d at 199.

The Second Circuit has stated that "[t]wo claims are duplicative of one another if they 'arise from the same facts and do not allege distinct damages.'"  *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) (ellipsis omitted) (quoting *Sitar v. Sitar*, 854 N.Y.S.2d 536, 538 (2008)).  "Here, the unjust enrichment claim is premised on the same factual allegations as those supporting Plaintiffs' other claims, and Plaintiffs have not alleged distinct

damages with respect to this claim." *Cooper v. Anheuser-Busch, LLC*, No. 20-CV-7451, 2021 WL 3501203, at *19 (S.D.N.Y. Aug. 9, 2021) (collecting cases). Specifically, Plaintiffs allege that "[b]y refusing to pay for the Services, UMR has been enriched at Plaintiffs' expense." (SAC ¶ 38.) This allegation mirrors Plaintiffs' breach of contract claim, for which Plaintiffs allege that "Defendant breached the terms of the Plan by failing to pay for the Services." (*Id.* ¶ 33.) Plaintiffs essentially allege that, by failing to pay for the medical services rendered, UMR both breached the terms of the Plan *and* was unjustly enriched. Additionally, Plaintiffs do not allege any additional damages supporting their unjust enrichment claim. Thus, not surprisingly, Plaintiffs demand $668,856 in damages under each count of the SAC, (*see id.* ¶ A–E), which is equal to the amount that Hudson submitted under the Claim ($709,341.00), (*see id.* ¶¶ 12–13), minus the amount that UMR paid out under the Claim ($40,484.55), (*see id.* ¶ 17). Accordingly, the facts alleged and the damages demanded under the breach of contract and unjust enrichment claims are duplicative of one another.

For these reasons, the Court dismisses Plaintiffs' unjust enrichment claim as duplicative. *See, e.g.*, *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 285 (E.D.N.Y. 2021) (dismissing unjust enrichment claim that "duplicate[d] the plaintiff's other claims, which ar[o]se out [of] identical facts," namely "the defendant's alleged misrepresentation on the [p]roduct packaging"); *Wedra v. Cree, Inc*., No. 19-CV-3162, 2020 WL 1322887, at *11 (S.D.N.Y. Mar. 20, 2020) (dismissing unjust enrichment claim that was "duplicative of [the] plaintiff's other claims for material misrepresentations rooted in statutory, contract, and tort law"); *Borenkoff v. Buffalo Wild Wings, Inc*., No. 16-CV-8532, 2018 WL 502680, at *5 (S.D.N.Y. Jan. 19, 2018) ("The essence of [the plaintiff's] unjust enrichment claim is . . . entirely duplicative of [the plaintiff's] [N.Y. Gen. Bus. Law § 349] claim, and therefore the unjust

enrichment claim must be dismissed under New York law."); *Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 568 (S.D.N.Y. 2016) (dismissing unjust enrichment claim that "rel[ied] on the same set of facts" underlying the plaintiff's claims for deceptive labeling and breach of express warranty); *Mahoney v. Endo Health Solutions, Inc.*, No. 15-CV-9841, 2016 WL 3951185, at *11 (S.D.N.Y. July 20, 2016) (dismissing unjust enrichment claim that "overlap[ped] with [the plaintiff's] fraud, fraudulent concealment, express warranty, and [N.Y. Gen. Bus. Law § 349] claims"); *Koenig v. Boulder Brands, Inc*., 995 F. Supp. 2d 274, 290–91  (S.D.N.Y. 2014) (dismissing unjust enrichment claim as duplicative of the plaintiffs' claims for deceptive labeling and breach of express warranty).

### III. Conclusion

For the reasons stated above, Defendant's Motion To Dismiss is granted.  Because this is the first adjudication of Plaintiff's claims on the merits, Plaintiff's claims are dismissed without prejudice.  If Plaintiff wishes to file a third amended complaint alleging additional facts and otherwise addressing the deficiencies identified above, Plaintiff must do so within 30 days of the date of this Opinion & Order.

The Clerk of Court is respectfully directed to terminate the pending Motion.  (Dkt. No. 28.)

SO ORDERED.

DATED:     March 28, 2022
               White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE